UNITED STATES DISTRICT COURT

Northern District of California

| US BANK NATIONAL ASSOCIATION, | No. C 11-03746 MEJ |
|---|---|
| Plaintiff, v. | **ORDER FOR CLERK OF COURT TO REASSIGN CASE** |
| ROSIE ALVARADO, | **REPORT & RECOMMENDATION** |
| Defendant. _____/ | |

This is an unlawful detainer action brought by Plaintiff US Bank National Association ("Plaintiff") in the Superior Court of the State of California, County of Contra Costa. Not. of Removal, Ex. 1, Dkt. No. 1. On July 29, 2011, Defendant Rosie Alvarado ("Defendant") removed the case to this Court. Dkt. No. 1. As an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law, *see Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010), the Court ordered Defendant to show cause why this case should not be remanded. Dkt. No. 5. The Court also ordered Defendant to either consent to magistrate judge jurisdiction or request reassignment to a district court judge. Dkt. No. 4. As Defendant failed to respond to either order, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the following report and recommendation.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)

(internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. Moreover, the burden of overcoming the "strong presumption" against removal is always on the defendant. *Id.*

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank*, 2011 WL 2194117, at *3; *Wescom*, 2010 WL 4916578, at *2. Further, Defendant admits that she is a resident of the State of California, Answer at 4:23-25, Not. of Removal, Ex. 3, and Plaintiff brought this action in California as the property at issue is in California, Compl. ¶ 2, Not. of Removal, Ex. 1. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b). Moreover, the amount in controversy requirement is not met because Plaintiff's damages claim is under $10,000. Compl., Not. of Removal, Ex. 1. Thus, Defendant has failed to meet her burden of demonstrating grounds for jurisdiction over Plaintiff's single claim for unlawful detainer brought pursuant to California law. Accordingly, the undersigned RECOMMENDS that the District Court REMAND this case to Contra Costa County Superior Court. The September 1, 2011 order to show cause hearing is VACATED.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated: August 16, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

US BANK NATIONAL ASSOCIATION,

        Plaintiff,

  v.

ROSIE ALVARADO,

        Defendant.

Case Number: CV11-03746 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rosie Alvarado
4421 Pampas Circle
Antioch, CA 94531

Dated: August 16, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk